† HANSON *versus* WEBBER.

An award under a submission as to the ownership of a yoke of oxen, in which three persons claimed separate interests, that one of them should pay a certain sum of money to each of the others, is sufficient evidence that the ownership of the oxen is adjudged to be in him who is to pay the money.

And where the award thus settles the title of the property, and the other claimants are to receive their just proportions of its value, no objection can be made to it for want of *mutuality*.

Nor is an alternative mode of payment therein set forth, conferring a privilege upon the party, if he should accept it, but otherwise to pay a sum certain, any objection to the validity of the award.

In a submission at common law containing no stipulation as to *costs*, the referees have no power over them, and if they award costs, so far it is void.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.
ASSUMPSIT, upon an award.

The submission was as follows:—

"Jan. 12, 1852. We hereby agree to submit the question respecting the oxen sold by A. Webber to Charles Hanson and claimed by Robert H. Libbey, to the determination of S. H. Blake, A. H. Briggs and A. Knowles, Esquires, whose decision in the premises shall settle the whole controversy between the parties as to the ownership of said oxen, and how much shall be paid for the same, and by whom, and who shall be entitled to receive said amount, and we agree to abide by the decision.            "R. H. Libbey,
                         "C. Hanson,
                         "A. Webber."

And the award, signed by all the referees, was in these words:—"Jan. 14, 1852. We have to-day heard the parties to the above agreement of reference, their statements and witnesses, and pleas respectively, and do award that said Charles Hanson shall be paid by said A. Webber the sum of $92,25. And we do further award, that said A. Webber shall pay said Libbey the sum of $50, with the privilege on the part of said Webber, if he shall so choose, to pay said Libbey, in addition to said $50, fifty dollars more and to receive a transfer of the note said Libbey holds against Quim-

by H. Lovejoy, of $100. But if Webber wishes to take the Lovejoy note of $100, at $50, he shall tender to said Libbey said $50, or to S. H. Blake, for him, within six days, and said Webber shall pay costs of reference, taxed at $9, and this is our final award and determination between the parties."

*A Sanborn*, for defendant.

1. The award is void for not deciding the matters submitted. The great question was the ownership of the oxen. It was necessarily connected with the payment for them by one party to the other. It does not appear to have been considered.

The submission is not general but specific, and no presumption obtains that the award was made upon all the matters submitted. Nor can it be presumed, that this question was not made known to them; it appears in the submission. Such presumption arises only when the submission is general. Caldwell on Awards, 106; *Randall* v. *Randall*, 7 East, 81; *McNear* v. *Bailey*, 18 Maine, 251.

2. The award is bad for want of mutuality. Defendant is to pay $92,25, to plaintiff, he having nothing to do therefor. So defendant is to pay Libbey $50, he paying nothing and doing nothing therefor. Com. Dig. 672, Arbitrament, (E. 14.)

3. It is not final, as to the matters submitted. Caldwell on Arbitrament, 114.

4. If not wholly void, it is as to costs. The referees had no authority on that subject. *Peters* v. *Pierce*, 8 Mass. 398.

*Knowles & Briggs*, for plaintiff, cited 2 Johns. 62; *North Yarmouth* v. *Cumberland*, 6 Greenl. 21; *Dolbier* v. *Wing*, 3 Maine, 421; *Brown* v. *Keith*, 14 Maine, 396; *Strong* v. *Ferguson*, 14 Johns. 161.

Tenney, J. — The question submitted was respecting the oxen sold by A. Webber to Charles Hanson, and claimed by Robert H. Libbey, and the referees were to settle the whole controversy between the parties as to the ownership of said

oxen, and how much shall be paid for the same, and by whom, and who shall be entitled to receive said amount.

According to the agreement in the submission, the referees heard the parties, and awarded that Charles Hanson should be paid by A. Webber, the sum of $92,25, and that Webber should pay to Robert H. Libbey, the sum of $50, &c.

The award is objected to by the defendant, on the grounds, that the referees have not determined the ownership of the oxen; that it is not mutual, the defendant having been adjudged to pay certain sums, and Hanson and Libbey, who were to receive it, not being required to do anything as an equivalent; and that it is not final.

Lord MANSFIELD says, that "awards are not to be scanned with critical nicety, as they are made by judges of the parties' own choosing; they are to be construed liberally and favorably, so that they may take their effect, rather than be defeated." 1 Burr. 279.

Where a submission is of divers subjects, distinctly enumerated, if it appears from the whole award, that all the matters submitted have been adjudicated upon by the arbitrators, it is sufficient, though each particular is not specified in the award. *Dolbier* v. *Wing*, 3 Greenl. 421.

It is stated in the submission, that the oxen of which the ownership was to be decided, were claimed by Libbey, and that they had been sold by Webber to Hanson; consequently each of the three had at some particular time asserted title to them. The question of ownership being settled, as the great question at issue, the rights of the respective claimants were to be adjusted upon this basis, by the receipt of money by those entitled thereto, and the payment by him, who by the award would have the oxen as the consideration. This would seem to follow, from the subject matter of the submission, which was the title to oxen and the payment for the same, in the mode to be decided, and nothing more.

It having been awarded under the submission, that Web-

ber should pay certain sums to the two other parties, it is certainly to be inferred therefrom, that the ownership of the oxen was adjudged to be in him; and Hanson and Libbey, having the consideration of the same, have no rights in the oxen themselves. No want of mutuality is perceived in the award; one party acquires by the judgment of the referees, the title to the oxen, free from dispute, and the others receive each their just proportion of their value.

The referees state, that they make a final award and determination between the parties, and this appears to have been done, so far that each party cannot fail to know from the award, what he is to receive, and what is to be surrendered as an equivalent, and who is to make the payments.

The alternative mode of payment, which Webber was entitled to make if he chose, would have been the execution of the award, and would have put an end to the whole controversy. This mode was intended to give him a privilege, if he should so regard it; and if he should not accept it, the award was operative against him for the absolute payment of $92,25 to Hanson, and of $50 to Libbey.

The parties having made no agreement touching the costs of reference, the arbitrators in that respect exceeded their authority in awarding costs to the plaintiff. But by the cases referred to, the award for damages is good; but the cost of reference is disallowed.

*Defendant defaulted.*